**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4594**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

JONATHAN D. EADDY,

    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (3:10-cr-00278-HEH-1)

Submitted:  February 16, 2012  Decided:  February 21, 2012

Before SHEDD, KEENAN, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles D. Lewis, Richmond, Virginia, for Appellant.  Neil H. MacBride, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan D. Eaddy appeals the district court's 120-month sentence following his guilty plea to two counts of possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841 (2006). On appeal, Eaddy contends that his sentence was unreasonable because the district court erred in converting cash recovered from his pockets following his arrest to cocaine base equivalent for the purpose of calculating his base offense level. Finding no error, we affirm.

In reviewing a sentence, we must ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable Guidelines range. The district court is permitted to convert cash to its drug equivalent if the cash can be "linked credibly to the defendant's purchase or sale of narcotics." United States v. Sampson, 140 F.3d 585, 592 (4th Cir. 1998). The Government must establish by a preponderance of the evidence the connection between the money seized and the drug-related activity. See United States v. Gonzalez-Sanchez, 953 F.2d 1184, 1187 (9th Cir. 1992).

Applying these standards to the record before us, we conclude that the Government proved by a preponderance of the

2

evidence the connection between the cash seized from Eaddy's pockets and his drug activity. See United States v. Thomas, 913 F.2d 1111, 1117-18 (4th Cir. 1990) (holding that possession of large amount of cash may be circumstantial evidence of drug trafficking). Therefore, the district court did not clearly err by converting the seized cash into its cocaine base equivalent for the purpose of calculating Eaddy's base offense level. See United States v. Hicks, 948 F.2d 877, 881 (4th Cir. 1991) (stating standard of review). Accordingly, we affirm the district court's judgment.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED